IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA L. CORRAL,

                **Plaintiff,**

vs.                                                  Civ. No.  13-555 JCH/CG

**HOME DEPOT U.S.A., INC., and
STANLEY ACCESS TECHNOLOGIES,**

                **Defendants.**

### MEMORANDUM OPINION AND ORDER

This is a personal injury case stemming from Plaintiff's claim that she was injured by a faulty sliding door at a Home Depot store in Las Cruces, New Mexico, on or about May 31, 2012. This matter is before the Court on two motions. The first is the Defendants' *Joint Motion to Dismiss [] Based on Plaintiff's Noncompliance With November 5, 2013 Court Order and Federal Rule of Civil Procedure 26(a)(2)* [Doc. 37]. The second is *Defendant Home Depot USA Inc.'s Motion for Summary Judgment* [Doc. 58] in which co-defendant Stanley Access Technologies joins. *See* Doc. 62. With regard to both motions, the Court has reviewed the briefs and evidence filed by all parties.

Turning first to the motion to dismiss, the Court concludes that while Plaintiff's complaint should not be dismissed, her failure to provide timely expert reports to the Defendants should be sanctioned by exclusion of the testimony of those experts at trial. With regard to the motion for summary judgment, the Court concludes that Home Depot is entitled to summary judgment on all of Plaintiff's claims except negligence. Stanley Access Technologies' motion for summary judgment is denied in its entirety.

## DISCUSSION

**I.     MOTION TO DISMISS AS A SANCTION FOR DISCOVERY VIOLATIONS**

Defendants Stanley Access Technologies LLC ("Stanley") and Home Depot U.S.A., Inc. ("Home Depot") move for dismissal of all of Plaintiff's claims under Rules 12(b)(6) and 37 of the Federal Rules of Civil Procedure. Their motion is based upon the failure of Plaintiff Maria L. Corral ("Corral") to timely produce the reports of two experts, Warren F. Davis and Dr. Eusebio Barrientos. According to Defendants, Corral's failure has impeded their "ability to evaluate the nature of the pending claims (if any) and respond with defense reports . . ." Doc. 37 at 3.

**A.     Background**

In its July 12, 2013 Scheduling Order [Doc. 12], the Court ordered Corral to identify experts and produce expert reports in accordance with Rule 26(a)(2)(B) on or before October 23, 2013. One day before that deadline, Corral moved for an extension of time. The magistrate judge granted the motion and extended that deadline to November 12, 2013.

On November 12, 2013, Corral produced a written statement by Davis, whom she had previously identified in the Joint Status Report and Provisional Discovery Plan [Doc. 10] as an automatic pedestrian door expert. Defendants assert, and Corral does not dispute, that Davis' report states that he has not been able to determine the underlying cause of the accident because he has not yet been provided the necessary evidence. *See* Doc. 37 at 2. Davis states, "Consequently, I am unable to prepare an expert report at this time and will not be able to do so until the requisite information has been provided to me." *Id.* Similarly, on November 12, 2013, Corral provided Defendants with the "report" of her medical expert, Dr. Barrientos. Like Davis,

2

Barrientos stated that he had not yet formed an opinion in the case because he had neither examined Corral nor reviewed all of her medical records. Doc. 37 at 3.

In her response [Doc. 43], Corral complains that the delay in Davis' report was caused by Defendants' failure to disclose certain evidence about the pedestrian door in question, though she does not explain with any clarity what that evidence is, when Defendants should have provided it, or what efforts she has made to obtain it. The docket in this case shows no motions to compel filed by Corral or other attempts to seek redress for any alleged withholding of information. With regard to Dr. Barrientos, Corral merely states that he needs additional time to "review the documents that where [sic] in possession of a third party," thus ignoring Dr. Barrientos' statement that he needed to examine Corral herself before he could render an opinion. Doc. 43 at 3. Obviously, Corral cannot reasonably blame Defendants for her failure to timely provide her expert with her own medical records and to schedule an examination. Instead, Corral takes the position that these purported expert "reports" are adequate for the time being and that she may "supplement" them under Rule 26(e) at a later time with the actual reports containing the experts' opinions and the basis therefor.

As of January 7, 2014, the date Defendants filed replies in support of their motion to dismiss, Corral still had not provided Defendants with a completed expert report for either Davis or Barrientos.

**B.     Discussion**

Rule 26(a)(2)(B) provides, in pertinent part:

> Unless otherwise stipulated or ordered by the court, this [expert witness] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

3

>    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>    (ii) the facts or data considered by the witness in forming them;
> . . .

As Corral points out, Rule 26(e) does allow supplementation of an expert's report if it is found to be incomplete or incorrect. However, Corral's reading of the rule is far too broad, essentially allowing a party to "supplement" an empty or meaningless report with the expert's true opinions at the last moment, effectively eviscerating the meaning and purpose of Rule 26(a)(2). This is improper, as the Court stated in *Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003):

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery. Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given.

*Id.* (quoting *RTC v. Gregory*, No. Civ. 94-0052, 1995 U.S. Dist. LEXIS 22499 at *3 (D.N.M. Dec. 13, 1995) (unpublished).

As a general rule, when a party fails to comply with Rule 26(a)'s disclosure requirements, that party "is not allowed to introduce the expert witness's testimony . . . at trial."[1] *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894–95 (10th Cir. 2006). Nonetheless, Federal Rule of Civil Procedure 37(c) permits district courts to admit expert witness testimony despite a

---

[1] This is in accord with Rule 37(c)(1), which addresses sanctions for failure to meet one's duty to disclose or supplement under Rule 26(a).  Dismissal of a complaint in its entirety is not among the sanctions discussed in Rule 37(c)(1). Defendants ask the Court to dismiss Corral's claims for failure to state a claim under Rule 12(b)(6) due to her discovery violations. However, they cite no authority supporting their position that a Rule 12(b)(6) dismissal is appropriate under the circumstances presented here.

party's failure to comply with Rule 26(a), as long as the violation is "justified or harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted).

Based upon the foregoing, the Court concludes that the so-called expert "reports" by Davis and Dr. Barrientos produced by Corral to the Defendants do not satisfy Rule 26(a)(2). This is because neither report contains a complete statement of all of the witness' opinions, the basis of those opinions, or the facts or data relied upon by the witness. The reports are deficient and, hence, untimely. Further, Corral's failure to provide her expert's full reports has prejudiced the Defendants. The purpose of early and full disclosure of expert witness opinion is to allow the opposition a reasonable opportunity to prepare to cross examine those experts, file *Daubert* motions, retain competing experts, and properly evaluate the case for settlement. *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Due to the lack of proper expert reports from Corral, Defendants have not had the opportunity to do those things. This case is set for trial on January 26, 2015; it is now too late for the Defendants to have an adequate opportunity to cure the prejudice created by Plaintiff's actions.

At the same time, Corral has not shown that her failure to satisfy Rule 26(a)(2) is justified or harmless. In the two months following the filing of the motion, it appears that Corral failed to correct the defects in her experts' reports. For example, she did not request that Davis be permitted to inspect the door in question so that he could complete his report. This indicates a

lack of good faith by Corral. And, if Corral has provided Defendants with any revised reports, she has not made the Court aware of that fact. At this juncture, it is too late for Corral to cure any prejudice to Defendants; production of proper reports at this stage would require reopening discovery to allow depositions of those witnesses and to permit Defendants to designate their own experts, as well as a continuation of the trial setting.

Thus, the Court concludes that, in accordance with Rule 37(c)(1), it will strike the testimony of Davis and Dr. Barrientos. Neither witness may "supply evidence on a motion, at a hearing, or at trial." Thus, the Defendants' motion will be granted in part, to the extent the testimony will be stricken as described herein. However, to the extent that Defendants seek dismissal of Corral's claims as a sanction for her violation of Rule 26(a)(2), the motion is denied.

## II.  MOTION FOR SUMMARY JUDGMENT

Home Depot has moved for summary judgment on all of Corral's claims against it. After completion of briefing, Stanley filed a notice of joinder in Home Depot's motion but did not set forth any evidence or arguments stating the grounds on which Stanley is entitled to summary judgment. Instead, Stanley merely asserts without explanation that if Corral has no viable claims against Home Depot, then she cannot prevail against Stanley.

### A.  Legal Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837,

839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Cassara v. DAC Serv., Inc.*, 276 F.3d 1210, 1212 (10th Cir. 2002) (internal quotation marks omitted). The burden then shifts to the opposing party to come forward with admissible evidence to create a genuine issue of material fact on that element. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

### B.     Evidence to Be Considered and Corral's Violations of the Local Rules

The threshold issue is what evidence offered by Corral (neither Defendant has submitted any evidence) is admissible such that it may be considered by the Court on a motion for summary judgment.

Corral has attached to her response brief an undated memo (not affidavit) by Dr. Barrientos (Doc. 59-5) as well as a letter from Warren Davis to plaintiff's counsel dated December 20, 2013 (Doc. 59-6).  As explained above, neither document is admissible due to Corral's failure to provide Defendants with these experts' reports in a timely fashion. The documents are inadmissible for additional reasons. First, neither statement is in the form of an affidavit or deposition testimony. Also, Davis' letter states that because he lacks information he cannot opine as to what actually caused the accident, and as a result his statements are inadmissible speculation.

The Court will not consider certain other documents submitted by Corral because they violate the Local Rules. Local Rule 10.5 provides:

> All exhibits to a motion, response or reply, including excerpts from a deposition, must not exceed a total of fifty (50) pages, unless all parties agree otherwise. If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7. A party may file only those pages of an exhibit which are to be brought to the Court's attention.

D.N.M.LR-Civ. 10.5 (footnote omitted). Several of Corral's exhibits violate the last sentence of Rule 10.5, including the 54-page "Standard for Power Operated Pedestrian Doors" by the American National Standards Institute (Doc. 59-4). Corral does not cite to any particular page or provision in this document, nor does she explain how it relates to her claim. A general citation to a 54-page document is unacceptable. The Court has no duty to scour a 54-page document in order to ascertain what portions are relevant to Plaintiff's argument. The same is true of the 24-page Stanley MC521 Controller Installation and Operation Manual (Doc. 59-10), which Corral attached to her response brief in its entirety. The Court will disregard both of these documents. Corral also violated Local Rule 10.5 by attaching four depositions *in their entirety* (bizarrely, including the word index), instead of merely those pages upon which she relies. The Court will consider only those pages of the depositions to which Corral cites.

Finally, Corral violated Local Rule 10.5 by attaching nearly 240 pages of exhibits to her response, nearly five times the limit of 50 pages set by the Rule. Further, Corral violated the Rule by failing to either secure the agreement of the Defendants or by filing a motion and obtaining leave of court to exceed the limit. On this occasion, the Court will still review the exhibits, but only the cited pages. Corral and her counsel are hereby warned that further violations of the Local Rules could result in sanctions, up to and including dismissal of Corral's claims.

**C.     Undisputed Material Facts**

In their motion, Defendants offer no evidence to create a genuine dispute as to the following material facts, which are viewed in the light most favorable to Corral.

On or about May 31, 2012, Corral went to the Home Depot store in Las Cruces, New Mexico in the company of her granddaughter, Yvonne Gutierrez.[2] Corral walks slowly with the aid of a walker. Gutierrez Depo. at 18-19. Corral and Gutierrez first went to the store's garden department, where they purchased bags of soil. Gutierrez Depo. at 26. The pair then walked out of the garden department. Gutierrez left Corral's presence in order to take the bags of soil to the truck they had driven to the store. *Id*. at 27. Corral planned to reenter at the other end of the Home Depot in order to obtain a refund for a plant that Corral had previously purchased. *Id*. While Corral walked alone along the sidewalk to the entrance at the other end of the store, Gutierrez took the bags of soil to the truck. Gutierrez Depo. at 24. As a result, Gutierrez did not witness her grandmothers' fall. *Id*. According to her deposition testimony, Corral was attempting to enter the Home Depot through its automatic doors. Before trying to cross the threshold, Corral stopped to let some other people exit through the automatic doors. Corral Depo. at 13. The doors closed, and then opened as Corral attempted to enter the store. Corral Depo. at 13-14. However, before she could do so, the doors closed again, striking either Corral's walker or Corral herself. *Id. See also id*. at 32. As a result, Corral fell to the ground. Immediately afterwards, Corral complained to her granddaughter that she had fallen as a result of the door hitting her walker, and

---

[2] At the time of her deposition on November 14, 2013, Corral was 84 years old. Corral is hard of hearing, does not speak English, and has only a fifth grade education, all factors that made her deposition testimony (which was given through an interpreter) difficult to understand. What follows is, in the Court's view, a reasonable interpretation of her testimony and that of her granddaughter, Yvonne Gutierrez.

that she was in pain in her back and hip.[3] Gutierrez Depo. at 40-41. Corral and Gutierrez entered the store together, with Gutierrez standing next to and holding the automatic door out of concern that it might close on her grandmother again. Gutierrez Depo. at 70. As she did so, the door attempted to close but retracted when it came in contact with Gutierrez. *Id*. at 70, 72-74. After they left Home Depot, Gutierrez took Corral to the emergency room at Mountain View Regional Medical Center. Gutierrez Depo. at 48. The medical record resulting from that visit states: "CLINICAL IMPRESSION: 1. Fall 2. Contusion, Left Hip 3. Contusion, Left Elbow." Doc. 59-12 at 4.

In her Amended Complaint [Doc. 20], Corral asserts four causes of action against the Defendants: negligence (Count I), prima facie tort (Count II), strict liability (Count III), and products liability (Count IV). From the allegations of the Amended Complaint, one can reasonably infer that Home Depot is the operator of the premises in question. However, the Amended Complaint contains no allegations that shed light on Stanley's role in the lawsuit, leaving the Court to guess whether it manufactured, distributed, sold, installed, repaired, or maintained (or, perhaps, some combination of these) the automatic doors in question.[4] Furthermore, Stanley's notice of joinder in the motion for summary judgment sheds no light on the issue. Stanley comes forward with no substantive explanation, argument, or evidence demonstrating that it is entitled to summary judgment.

---

[3] Defendants do not object to Gutierrez's testimony on this subject as inadmissible hearsay. Regardless, for purposes of this Memorandum Opinion only, the Court assumes that this testimony is admissible as either an excited utterance or a present sense impression.

[4] Stanley does say, in its reply in support of the joint motion to dismiss, that a company called Continental Door "serviced" the doors in question. Doc. 45 at 1.

**D.     Discussion**

      1.     Negligence

Home Depot moves for summary judgment on Corral's negligence claim, arguing that Corral cannot come forward with any evidence either that Home Depot breached any duty owed to her with respect to the automatic doors, or that any act or omission by Home Depot contributed to Corral's injury.[5] In response, Corral argues that under the doctrine of *res ipsa loquitur*, it has set forth sufficient evidence to create an inference that Home Depot was negligent. In its reply, Home Depot contends that by failing to raise the theory of *res ipsa loquitur* in her amended complaint, Corral should be barred from relying on it now. Home Depot cites no authority in support of this argument.

The Court concludes that Corral's failure to plead the *res ipsa loquitur* theory does not bar it from relying on the theory at this stage of the case. Corral properly pled a claim of negligence. As the New Mexico Uniform Jury Instructions make clear, *res ipsa loquitur* is a way to prove negligence through circumstantial evidence. *See* NM UJI 13-1623 ("The plaintiff, In order to prove [defendant] was negligent, is not required to prove specifically what [defendant] did or failed to do that was negligent."). It is not a separate cause of action. Rule 8(a) requires that a complaint "must contain (1) a short and plain statement of the grounds for the court's

---

[5] Home Depot further argues that there is no evidence that a door malfunction such as that alleged by Corral was foreseeable by Home Depot. In response to that argument, Corral contends that the automatic doors at the Home Depot store had malfunctioned prior to Corral's accident, making it foreseeable that a person could be harmed by a future malfunction, citing the deposition testimony of Jeff Vinton. Doc. 60 at 4-5. In its reply brief, Home Depot contends that during this testimony, Vinton was referring to a malfunction in a door *other than* that which was involved in Corral's alleged accident. In reading the deposition testimony, the Court finds it impossible to determine whether or not the door Vinton discusses is the door involved in the incident in this case. What is apparent, however, is that one or more automatic doors at Home Depot had malfunctioned prior to May 31, 2012. Under the current record, factual issues remain and the Court cannot conclude as a matter of law that it was unforeseeable that a door at Home Depot could have malfunctioned in the manner alleged by Corral.

jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). These requirements have been satisfied, and accordingly there was no need for Corral to plead that she was going to prove negligence through *res ipsa loquitur*. *Accord Helton v. Avrio Group Surveillance Solutions, Inc.*, --- F.Supp.2d ----, 2014 WL 1056569 at *13 (W.D.N.Y. March 14, 2014) ("the failure to plead res ipsa loquitur as a theory of liability does not render the doctrine unavailable at a later time in the action" because it is "nothing more than a common-sense application of the probative value of circumstantial evidence.") (citations omitted).

Next, Home Depot argues that even if the Court permits Corral to proceed under *res ipsa loquitur*, she lacks adequate evidence to create a genuine issue of material fact. Specifically, Home Depot argues that Corral has no expert testimony regarding the cause of the door malfunction and no evidence that the door in question was not working properly before the accident. *See* Doc. 60 at 10-11. Home Depot further argues that Corral lacks evidence that Home Depot had exclusive control over the door that allegedly malfunctioned because the door is "used by thousands of individuals every day." *Id*.

"Res ipsa loquitur describes a set of conditions to be met before an inference of negligence may be drawn." *Mireles v. Broderick*, 1994-NMSC-041, ¶ 6, 117 N.M. 445, 872 P.2d 863. "The doctrine of res ipsa loquitur applies only when, in the ordinary course of events, an injury would not occur except by the negligence of the person in exclusive control and management of the injuring instrumentality." *Drake v. Trujillo*, 1996–NMCA–105, ¶ 24, 122 N.M. 374, 924 P.2d 1386; *Martinez v. CO2 Servs., Inc.*, 12 F. Appx. 689, 695 (10th Cir. 2001). The mere fact that an injury occurred is not grounds for concluding that a particular defendant

was probably negligent. *Drake*, 1996–NMCA–105, ¶ 25, 122 N.M. 374, 924 P.2d 1386. "[T]he issue is whether there is a factual predicate sufficient to support an inference that the injury was caused by the failure of the party in control to exercise due care." *Mireles*, 1994–NMSC–041, ¶ 6, 117 N.M. 445, 872 P.2d 863.

Home Depot contends that Corral must prove, though expert testimony, the exact cause of the door malfunction and link it to Home Depot's negligence. The Court rejects this argument. The majority of courts that have addressed similar cases have found that a plaintiff who was allegedly injured when an automatic door closed on her was entitled to the res ipsa loquitur inference, even absent expert testimony. For example, in *Jerista v. Murray*, 883 A.2d 350, 360 (N.J. 2005), the plaintiff had been injured when a supermarket's automatic door closed on her. The issue before the Court was whether she was entitled to a *res ipsa loquitur* inference— specifically, whether the closing of an automatic door onto a customer is the sort of occurrence that typically bespeaks negligence—absent expert testimony to that effect. *Id*. at 360-61. The *Jerista* court concluded that such expert testimony was unnecessary because it is common knowledge that people routinely pass through automatic doors without injury, and therefore when a door strikes a person, the jury is entitled to infer negligence by the entity that owns and controls the door. *Id*. at 361-362. In such instances, there is a high probability that the door malfunctioned, which in turn suggests negligence, and "it should not be the burden of the plaintiff to come forward with proofs as to the precise nature of the probable malfunction." *Id*. at 361 (quoting *Rose v. Port of New York Authority*, 61 N.J. 129, 137, 293 A.2d 371 (1972)). "[E]quitable principles suggest that a commercial business that invites a plaintiff onto its property for financial gain and that has exclusive control of an automatic door and superior knowledge about its maintenance should give an account of what went wrong." *Id*. at 362.

Many courts have come to the conclusion that common knowledge will justify a *res ipsa* inference when automatic doors cause injury to blameless victims, even in the absence of expert testimony. *See, e.g., Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155, 157, 160–61 (2d Cir. 2003) (holding that plaintiff who was allegedly injured when automatic doors closed on her was entitled to *res ipsa* inference); *Balistreri v. Richard E. Jacobs Group, Inc.*, 322 F.Supp.2d 972, 978 (E.D. Wis. 2004) (holding that "automatic sliding doors do not ordinarily close on a person in the absence of negligence"); *Brewster v. United States*, 542 N.W.2d 524, 531-32 (Iowa 1996) (agreeing "with the majority of courts that have concluded an automatic door malfunction does not occur in the absence of negligence," and noting that "it is within the common experience of lay people to come to this conclusion"); *Brown v. Scrivner, Inc.*, 241 Neb. 286, 488 N.W.2d 17, 19 (1992) (finding that "[a]utomatic doors do not, in the ordinary course of things, cause injury to those who pass through them"); *see also McDonald v. Aliquippa Hosp.*, 414 Pa. Super. 317, 606 A.2d 1218, 1221 (Pa. Super. 1992) ("The failure of the [automatic] doors [that injured the plaintiff] to sense an object in their path and remain open until safe passage had been secured was a malfunction which would not ordinarily occur if the doors had been inspected and properly maintained.").  The Court is persuaded by the reasoning set forth in these cases and in *Jerista*.

Finally, Home Depot argues that it did not have exclusive control of the automatic door that allegedly closed on Corrals' walker because many customers walk through the door every day. This argument lacks merit. It is undisputed that Home Depot owns the premises in question, including the automatic door. Merely because a customer walks through an automatic door does not mean that in doing so the customer exercises management and control of the door in any meaningful sense. And, in none of the cases cited in the previous paragraph—all of which took place on public premises in which numerous members of the public were invited to pass through

the doors in question—was there any suggestion that such customers deprived the owner of the premises of its exclusive management and control. Only Home Depot has the authority to alter or remove the door, the duty to maintain it, and the right to delegate those actions to a third party. Accordingly, the Court concludes that the door is within Home Depot's exclusive management and control.

For the foregoing reasons, the Court concludes that Corral's negligence claim survives under the doctrine of res ipsa loquitur, and Home Depot's motion for summary judgment will be denied.

### 2. Prima Facie Tort

Under New Mexico law, the elements of prima facie tort are: "(1) an intentional and lawful act, (2) an intent to injure the plaintiff, (3) injury to the plaintiff as a result of the intentional act, and (4) the absence of justification for the injurious act." *Kitchell v. Pub. Serv. Co. of N.M.*, 1998–NMSC–051, ¶ 15, 126 N.M. 525, 972 P.2d 344.

Home Depot argues that there is no evidence to create a genuine issue of material fact as to whether it acted maliciously and with the intent to injure Corral. In her response brief Corral neither responds to this argument nor comes forward with admissible evidence on the issue. Accordingly, Home Depot is entitled to summary judgment on this claim.

### 3. Strict Liability

It is not entirely clear from the Amended Complaint what type of strict liability claim Corral is asserting in this case. One type is strict liability for an inherently dangerous activity. That doctrine provides a remedy for uncommon and extraordinarily dangerous activities where negligence liability is an inadequate deterrent or remedy. *See, e.g., Brooks v. Beech Aircraft Corp.*, 120 N.M. 372, 375-77, 902 P.2d 54, 57-59 (1995). However, operation of a retail

establishment selling hardware and home maintenance supplies does not meet the criteria for an inherently dangerous activity as described in *Apodaca v. AAA Gas Co.*, 134 N.M. 77, 86-87 (Ct. App. 2003).

Home Depot theorizes that perhaps Corral is asserting the theory of strict liability to prevent the employer of an independent contractor from shirking responsibility for injuries to a third party caused by the hazardous activities of the independent contractor. *See Stinson v. Berry*, 123 N.M. 482, 485 (Ct. App. 1997); *New Mexico Elec. Serv. Co. v. Montanez*, 89 N.M. 278, 281, 551 P.2d 634, 637 (1976). Again, however, Corral has failed to come forward with any evidence that she was injured by the hazardous activity of any independent contractor working for Home Depot. Indeed, she does not address the motion for summary judgment on this claim in any fashion. Accordingly, Home Depot's motion will be granted as to this claim.

    4.    Products Liability

Corral's final claim against Home Depot is one for strict products liability. The purpose of the strict products liability doctrine is to allow an injured user or consumer to recover against a supplier or manufacturer of the product without the requirement of proving negligence. *Fernandez v. Ford Motor Co.*, 118 N.M. 100, 109, 879 P.2d 101, 110 (Ct. App. 1994). All parties in the chain of distribution of a defective product are strictly liable. *Parker v. St. Vincent Hosp.*, 1996-NMCA-070, ¶ 4, 122 N.M. 39, 919 P.2d 1104 ("Ordinarily, any entity engaged in the business of selling or otherwise distributing products is strictly liable for distributing a defective product."). In her response brief, Corral concedes that she has no products liability claim against Home Depot. Doc. 59 at 6. Accordingly, the Court will grant the motion for summary judgment on this claim as well.

5.  Punitive Damages

Corral has alleged that she is entitled to punitive damages. However, Home Depot argues that Corral cannot come forward with evidence that it acted willfully, maliciously, recklessly, wantonly, or in bad faith. Corral does not respond to this argument or come forward with evidence to support a punitive damages claim. Accordingly, Home Depot is entitled to summary judgment on Corral's claim for punitive damages.

6.  Claims Against Stanley

To the extent that Stanley joins in Home Depot's motion for summary judgment, Stanley's motion is denied. Stanley simply has failed to place before the Court adequate information to meet its burden to demonstrate that there is no genuine issue of material fact as to its liability. Stanley's motion for summary judgment will be denied in its entirety.

**IT IS THEREFORE ORDERED** that the Defendants' *Joint Motion to Dismiss [] Based on Plaintiff's Noncompliance With November 5, 2013 Court Order and Federal Rule of Civil Procedure 26(a)(2)* [Doc. 37] is **GRANTED IN PART**, to the extent the testimony of two expert witnesses will be stricken as described herein. However, to the extent that Defendants seek dismissal of Corral's claims as a sanction for her violation of Rule 26(a)(2), the motion is **DENIED IN PART**.

**IT IS FURTHER ORDERED** that *Defendant Home Depot USA Inc.'s Motion for Summary Judgment* [Doc. 58] is **GRANTED IN PART** as to her claims for products liability, strict liability, prima facie tort, and punitive damages; and **DENIED IN PART** as to her claim of negligence, which remains pending. To the extent that Stanley Access Technologies joined in

Home Depot's motion for summary judgment, it is **DENIED** in its entirety, and all of Corral's claims against Stanley remain pending.

_____
**UNITED STATES DISTRICT JUDGE**