IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MARIA L. CORRAL,

                    Plaintiff,

vs.                                                          Civ. No.  13-555 JCH/CG


HOME DEPOT U.S.A., INC., and
STANLEY ACCESS TECHNOLOGIES,

                    Defendants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant Home Depot U.S.A., Inc.'s Motion for Reconsideration of Memorandum Opinion and Order (Doc. 67) On Motion for Summary Judgment, and Memorandum in Support* [Doc. 70] and *Defendant Stanley Access Technologies' Motion for Reconsideration of Memorandum Opinion and Order (Doc. 67)* [Doc. 75]. In their respective motions, the Defendants ask the Court to reconsider its decisions to (1) deny summary judgment in favor of Home Depot on Plaintiff's negligence claim, and (2) deny summary judgment in favor of Stanley Access Technologies on all of Plaintiff's claims. For the reasons set forth herein, the Court will deny Home Depot's motion in its entirety, and grant Stanley's motion in part.

## LEGAL STANDARD

An order denying summary judgment is interlocutory. The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see*

*also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ("[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.' " *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks and citation omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotation marks and citation omitted). Mindful of these principles, the Court will not alter its previous Memorandum Opinion and Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see Lehman Brothers Holdings Inc. v.*

*Universal Am. Mortgage Co., LLC*, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D.

Colo. Oct. 9, 2014). Motions for reconsideration are "inappropriate vehicles to reargue an issue

previously addressed by the court when the motion merely advances new arguments, or

supporting facts which were available at the time of the original [filing]." *Servants of the*

*Paraclete*, 204 F.3d at 1012.

## DISCUSSION

For purposes of this discussion, the Court incorporates the summary judgment facts as set

forth in its prior Memorandum Opinion and Order, Doc. 67 at 9-10.

### I.      HOME DEPOT

In its previous Memorandum Opinion and Order [Doc. 67], the Court entered summary

judgment in favor of Defendant Home Depot on Plaintiff's claims of product liability, strict

liability, prima facie tort, and punitive damages. However, the Court denied Home Depot's

motion for summary judgment on Plaintiff's negligence claim, concluding that she had come

forward with adequate evidence to create a fact issue under the doctrine of res ipsa loquitur.

Home Depot asks the Court to reconsider that portion of its decision. Home Depot contends that

under the *Erie* doctrine, there is a controlling 1967 decision from the New Mexico Supreme

Court, *Hisey v. Cashway Supermarkets*, 77 N.M. 638 (1967), which requires this Court to enter

summary judgment on the negligence claim.

As an initial matter, the Court notes that as previously discussed herein, a motion to

reconsider does not afford a litigant an opportunity to revisit issues already addressed or advance

arguments that could have been raised in prior briefing. To that end, it appears that the argument

that Home Depot now advances regarding *Hisey* is new and could have been raised in the

summary judgment briefing. Home Depot did not cite *Hisey* at all in its motion for summary

judgment [Doc. 58], and cited it only once in its reply brief [Doc. 60]. Even then, Home Depot

merely included *Hisey* in a string cite of cases for the proposition that under the res ipsa loquitur

doctrine a plaintiff must show that the defendant had exclusive control of the instrumentality

causing the harm. Doc. 60 at 11. Home Depot did not analogize the facts of *Hisey* to this case,

nor did it argue that *Hisey* requires summary judgment in Home Depot's favor. Thus, Home

Depot now pins its argument on a case that previously it mentioned almost only in passing. Thus,

the Court views Home Depot's current argument as one that Home Depot could have but failed

to raise on summary judgment.

In *Hisey*, a customer leaving a grocery store stepped on a mat that activated an

electrically operated exit door. *Hisey*, 77 N.M. at 639. When he was in the doorway, the door

suddenly shut, striking him in the process. *Id*. At trial, the plaintiff's proof was limited to the

occurrence of the accident and the resulting injuries, with nothing offered as to the condition of

the door or the cause of the malfunction. *Id*. The New Mexico Supreme Court set forth the

familiar elements of a prima facie case under the res ipsa loquitur doctrine: plaintiff's injury

must be proximately caused by an agency or instrumentality under the exclusive control of the

defendant, and the accident must be of the kind which ordinarily does not occur in the absence of

negligence by the person having control of the instrumentality. *Id*. at 640. The *Hisey* court then

upheld the trial court's decision to direct a verdict in favor of the supermarket on the negligence

claim. The court, noting that more than the happening of an accident is necessary to invoke the

res ipsa loquitur doctrine, observed that the plaintiff had used the door on other occasions when

it operated properly, and that after the accident the plaintiff had exited the store using the same

door, when it again operated properly. *Id.* at 640. Accordingly, the court stated: "The fact that the

door had been operating properly before the accident and that it thereafter operated normally

without any repairs being required clearly fails to sustain an inference that the isolated malfunction would not have occurred but for defendant's negligence." *Id.*

This case is distinguishable from *Hisey*. In that case, the court emphasized that negligence could not be inferred because the evidence showed that the door was working properly both before and after the accident at issue. *Id*. at 640. However, as set forth in this Court's prior Memorandum Opinion and Order, the evidence viewed in the light most favorable to Corral shows that after the automatic door hit Corral, she entered the store with her adult granddaughter, who stood next to the automatic door and held it out of concern that it might close on her grandmother again. Gutierrez Depo. at 40-41, 70. As she did so, the door attempted to close but retracted when it came in contact with the granddaughter.  *Id*. at 70, 72-74. Thus, unlike in *Hisey*, in this case there is some evidence that the door continued to malfunction after the incident in question.

Home Depot also argues that under *Hisey*, in the absence of testimony from a door expert or lay person, no inference to be drawn that Corral's accident is the kind which ordinarily does not occur in the absence of negligence. It is true that the brief analysis offered in *Hisey* does not appear to admit of the possibility that common knowledge and experience are enough to create the requisite inference of negligence required for res ipsa loquitur in a case where an automatic electric door strikes a pedestrian. However, decisions by the New Mexico Supreme Court and Court of Appeals subsequent to *Hisey* demonstrate that a plaintiff seeking to prove negligence through res ipsa loquitur may rely on the common experience of jurors to show that an accident is unlikely to occur in the absence of negligence. Indeed, the New Mexico Supreme Court has said that the ordinary course of events may be established by expert testimony, lay evidence, <u>or common knowledge</u>. *See Mireles v. Broderick*, 117 N.M. 445, 448 (1994). *See also Harless v.*

*Ewing*, 545 (Ct. App. 1970). In *Harless*, 81 N.M. at 545, decided just a few years after *Hisey*, the Court of Appeals stated that "It is common knowledge that a wheel will not ordinarily leave a car unless there has been a lack of reasonable care in its installation and maintenance. . . .  When plaintiff introduced evidence that defendant had exclusive control of the truck's maintenance and evidence that the wheel had in fact come off, he had introduced evidence of an accident which ordinarily doesn't occur in the absence of negligence by the person having control." (internal citations and quotations omitted). Res ipsa loquitur does not demand proof of precise causes. *Strong v. Shaw*, 96 N.M. 281, 286, 629 P.2d 784, 789 (Ct. App. 1980).

Thus, New Mexico law subsequent to *Hisey* permits jurors to infer, based on their common knowledge and experience, that an accident would not have occurred in the absence of negligence. Almost 50 years ago, when *Hisey* was decided, automatic electric doors were not as common in New Mexico businesses as they are now. At that time, many jurors may not have had a great deal of common experience with such doors. That limited experience would not have provided the *Hisey* court with an opportunity to allow the plaintiff to rely on common experience to prove res ipsa loquitur. However, such doors are now commonplace and most people routinely use them. In the Court's view, and in the view of many other modern courts around the country, that an inference of negligence is permissible when an automatic door strikes someone walking through it. *Jerista v. Murray*, 883 A.2d 350, 361 (N.J. 2005); *Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155, 157, 160–61 (2d Cir. 2003); *Balistreri v. Richard E. Jacobs Group, Inc.*, 322 F.Supp.2d 972, 978 (E.D. Wis. 2004) (holding that "automatic sliding doors do not ordinarily close on a person in the absence of negligence"); *Brewster v. United States*, 542 N.W.2d 524, 531-32 (Iowa 1996) (agreeing "with the majority of courts that have concluded an automatic door malfunction does not occur in the absence of negligence," and noting that "it is within the

common experience of lay people to come to this conclusion"); *Brown v. Scrivner, Inc*., 241 Neb. 286, 488 N.W.2d 17, 19 (1992) (finding that "[a]utomatic doors do not, in the ordinary course of things, cause injury to those who pass through them"); *see also McDonald v. Aliquippa Hosp*., 414 Pa. Super. 317, 606 A.2d 1218, 1221 (Pa. Super. 1992) ("The failure of the [automatic] doors [that injured the plaintiff] to sense an object in their path and remain open until safe passage had been secured was a malfunction which would not ordinarily occur if the doors had been inspected and properly maintained.").

Thus, the Court will deny Home Depot's motion to reconsider on three grounds. First, it is a new argument that could have been raised in the summary judgment briefing. Second, the *Hisey* decision is distinguishable from this case. Third, both New Mexico law and factual circumstances have changed since *Hisey* such that a reasonable inference can be made that the type of accident in this case would not have occurred but for the negligence of Home Depot, which owned and controlled the automatic door at issue. While the Plaintiff may not have come forward with particularly strong evidence to this point, she has enough to withstand Home Depot's motion for summary judgment.

## II.      STANLEY ACCESS TECHNOLOGIES

Stanley filed no motion for summary judgment of its own. Instead, two months after Home Depot filed its motion for summary judgment and well after the briefing had been completed, Stanley joined in its co-defendant's motion stating that "should the Court find Defendant Home Depot U.S.A., Inc's Motion meritorious and rule in favor thereof, it necessarily follows that Plaintiff will be unable to prove a claim against Defendant Stanley Access Technologies." Doc. 62. Stanley supported this assertion with no rationale or explanation. Stanley did not inform the Court of its relationship to Plaintiff's claims, to Home Depot, or to the

door in question. Despite its review of Home Depot's motion for summary judgment and Plaintiff's response, the Defendant's joint motion to dismiss, and Stanley's answer to the complaint, the Court could find no information about Stanley and its relationship to this case. Did Stanley manufacture, distribute, install, maintain, or repair the automatic door in question? Or, did Plaintiff sue the wrong party such that Stanley had no relationship to the door? The Court has no idea because while Stanley comes to the Court requesting relief, it has not provided the Court with even the most basic information demonstrating that it is entitled to such relief based on summary judgment granted to another party. Thus, when Stanley requested summary judgment merely because Home Depot was entitled to summary judgment, the Court was in no position to analyze whether Stanley's request for relief had merit. As a result, the Court denied Stanley's motion. *See* Doc. 67 at 6, 17. Now, Stanley again comes before the Court asking for summary judgment in its favor. And again, Stanley has failed to provide the Court with the information about Stanley that it lacked in the briefing of Home Depot's motion for summary judgment.

However, in the interest of judicial economy, the Court will grant summary judgment in favor of Stanley on two of Plaintiff's claims because it makes little sense to burden a jury with causes of action that it appears the Plaintiff is not pursuing. Plaintiff's prima facie tort claim, for example, requires evidence of an intent to injure the Plaintiff. The Court granted summary judgment in favor of Home Depot on this claim because Plaintiff neither came forward with evidence of malicious intent nor indicated that she was pursuing her prima facie tort claim. Similarly, Plaintiff has neither responded to Stanley's motion to reconsider the prima facie tort claim nor come forward with admissible evidence of Stanley's alleged malicious intent. While ordinarily the Court would not hear new argument from Stanley at this stage, the Court is loathe

to waste the jury's time and Court resources on a claim that Plaintiff appears to no longer be advancing. For that reason only, the Court will grant summary judgment in favor of Stanley on the prima facie tort claim.

Similarly, the Court will grant summary judgment in favor of Stanley on Plaintiff's strict liability claim. In neither of her response briefs [Docs. 59 and 77] has Plaintiff attempted to show that Stanley is liable either for engaging in an inherently dangerous activity or as the employer of a contractor engaging in a hazardous activity. For the reasons set forth in the Court's prior Memorandum Opinion and Order [Doc. 67 at 15-16], as well as Plaintiff's failure to address the claim in Doc. 77, it appears that Plaintiff is not making this type of strict liability claim against Stanley. Therefore, the Court will grant summary judgment to Stanley on this claim as well.

On the other hand, for the same reasons discussed above, the Court rejects Stanley's reliance on the *Hisey* decision as a basis for reconsideration of its decision denying summary judgment on Plaintiff's negligence claim. That claim will survive. Similarly, it appears from her response brief [Doc. 77 at 5] that Plaintiff is continuing to advance her product liability claim. While based on the record currently before the Court it appears unlikely that Plaintiff will have sufficient evidence to sustain a product liability claim at trial, the Court cannot grant a motion to reconsider relying on arguments by Stanley that it should have made in a timely, original motion for summary judgment. Accordingly, the motion for summary judgment on this claim will be denied as well.

**IT IS THEREFORE ORDERED** that *Defendant Home Depot U.S.A., Inc.'s Motion for Reconsideration of Memorandum Opinion and Order (Doc. 67) On Motion for Summary Judgment, and Memorandum in Support* [Doc. 70] is **DENIED**.

**IT IS FURTHER ORDERED THAT** *Defendant Stanley Access Technologies' Motion for Reconsideration of Memorandum Opinion and Order (Doc. 67)* [Doc. 75] is **GRANTED IN PART and DENIED IN PART**. The Court hereby enters summary judgment in favor of Stanley Access Technologies on Plaintiff's claims for prima facie tort and strict liability only.

_____
**UNITED STATES DISTRICT JUDGE**